## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IGNAZEVICH MIROSLAV MORALES CASTELLANOS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-25-1490-PRW |
| SCARLET GRANT, et al., | ) ) | |
| Respondents. | ) | |

## **<u>ORDER</u>**

Before the Court is Petitioner Ignazevich Miroslav Morales Castellanos's Petition for Writ of Habeas Corpus (Dkt. 1). This case is one of many habeas petitions filed by an alien detainee challenging the legal basis for his detention. Petitioner asserts that he is detained under 8 U.S.C. § 1226(a), which permits bond hearings, whereas ICE contends that he is detained under § 1225(b)(2)(A), which mandates detention. On December 31, 2025, Magistrate Judge Chris M. Stephens issued a Report and Recommendation recommending that the Court grant in part Petitioner's request for habeas relief and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).

The Government objects to Judge Stephens's determination that § 1226(a) controls Petitioner's detention.[1] However, since the Government filed its objection, the Tenth

---

[1] *See* 28 U.S.C. § 636(b)(1) (requiring a district judge to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" but otherwise permitting a district judge to review the report and recommendations under any standard it deems appropriate).

Circuit limited § 1225(b)(2)(A)'s reach to aliens detained at the border.[2] Because the Petition alleges—and the government does not dispute—that ICE arrested Petitioner within the interior United States, *Quiroz* mandates that he is detained pursuant to § 1226(a).

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. 14) and **GRANTS** the Petition **IN PART** (Dkt. 1).

The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under § 1226(a) within seven days of this Order or otherwise release Petitioner if he has not received a bond hearing within that period.[3]

**IT IS SO ORDERED** this 4th day of August 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[2] *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *17 (10th Cir. June 30, 2026).

[3] If Respondents contend that this case is factually distinct from *Quiroz* such that *Quiroz* does not control, or if there has been a material change in Petitioner's status (for example, if Petitioner has agreed to voluntarily depart) they may file a motion for reconsideration within seven days of this Order.